IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KATHY SMITH,
              Plaintiff,

v.                                                     Civil Action No. 3:18-cv-783

ANDREW SAUL, Commissioner of
Social Security,
              Defendant.

## OPINION

Kathy Smith challenges the Social Security Administration ("SSA") Commissioner's final decision to deny her claim for disability benefits ("DIB"). The Magistrate Judge prepared a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment. The R&R recommended that the Court deny Smith's motion, grant the Commissioner's motion, and affirm the final decision by the Commissioner.

Smith objects to the R&R on four grounds. First, Smith objects to the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") did not err by failing to consider whether Smith qualified as disabled for the closed period between January 26, 2014, and June 8, 2015. Second, Smith contends that the Magistrate Judge incorrectly concluded that the ALJ did not err in characterizing her post-surgical back treatment as "conservative." Third, Smith objects to the Magistrate Judge's finding that the ALJ's inadequate consideration of Smith's activities of daily living constituted harmless error. Fourth, Smith argues that the Magistrate Judge erred in concluding that the ALJ properly applied the grid rules.

Because the ALJ applied the correct legal standard and substantial evidence supports her factual findings, the Court adopts the R&R and overrules Smith's objections.

## I. BACKGROUND

The SSA initially denied Smith's claim for DIB and again denied her request upon reconsideration. She filed a written request for a hearing before an ALJ. At the hearing, the ALJ denied her claim, concluding that Smith was not disabled because she could perform work that existed in significant numbers in the national economy. The SSA's Appeals Council denied Smith's request for review, rendering the ALJ's decision the final judgment of the Commissioner.

On November 18, 2018, Smith filed a complaint in this Court, contesting the Commissioner's decision under 42 U.S.C. § 405(g). Both parties filed motions for summary judgment. Upon review, the Magistrate Judge concluded that the Court should deny Smith's motion and grant the Commissioner's motion because substantial evidence supports the ALJ's decision.

## II. DISCUSSION[1]

### A. *Closed Period of Disability*

First, Smith objects to the Magistrate Judge's finding that the ALJ did not err by failing to consider whether the plaintiff qualified as disabled for a closed period between January 26, 2014, and June 8, 2015.[2] The Magistrate Judge determined that the ALJ implicitly concluded that Smith

---

[1] The Commissioner argues that the Court should review Smith's objections under the clear error standard because the objections constitute an improper "verbatim recitation of the four arguments previously advanced in her brief in support of her motion for summary judgment." (Dk. No. 20, at 2.) Smith has raised objections to the R&R itself, and the Court will consider the merits of her objections de novo. *See Pearson v. Colvin*, 58 F. Supp. 3d 577, 581 (E.D. Va. 2014), *rev'd & remanded on other grounds*, 810 F.3d 204 (4th Cir. 2015). To the extent Smith's arguments fall outside those before the Magistrate Judge, however, the Court does not consider those arguments. *See Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("Review of a Magistrate's ruling before the District Court does not permit consideration of issues not raised before the Magistrate.").

[2] An ALJ may consider whether a claimant "was disabled for any consecutive twelve-month period between . . . her onset date and the date of the hearing." *Puryear v. Comm'r of Soc. Sec.*, No. 4:14-CV-00057, 2016 WL 462822, at *6 (W.D. Va. Jan. 5, 2016), *report & recommendation adopted*

did not qualify as disabled for any closed period during the relevant time and that substantial evidence supported that conclusion.

Smith concedes that the regulations do not require an ALJ to analyze whether a claimant "might be entitled to a [c]losed [p]eriod somewhere within an overall claim" in every case (Dk. No. 19, at 1.) Nevertheless, Smith argues that the ALJ's failure to consider the possibility of a closed period of disability in her case constitutes an error. Moreover, Smith faults the Magistrate Judge for providing the explanation she argues the ALJ failed to provide.

The Commissioner argues that the Magistrate Judge correctly concluded that substantial evidence supported the ALJ's implicit conclusion. Further, he highlights the ALJ's "repeated[] and specific[] discuss[ion] [of Smith's] range of treatment for back pain." (Dk. No. 20, at 3.)

The Court agrees with the Commissioner. In some cases, courts may find that an ALJ failed to appropriately consider whether a claimant was entitled to a closed period of disability. *See generally Harris v. Sec'y of Dep't of Health & Human Servs.*, 959 F.2d 723 (8th Cir. 1992) (finding that an ALJ erred by not finding a claimant disabled for a closed period after the ALJ discredited the claimant's claims of pain without any support in the record to do so). Here, the ALJ thoroughly considered and cited to the record to explain her decision that Smith was not disabled during the alleged period of disability. (*See* R. at 17 ("After careful consideration of all the evidence, the undersigned concludes the claimant has not been under a disability within the meaning of the Social Security Act *from January 26, 2014, through the date of this decision.*") (emphasis added).) The ALJ did not mischaracterize the evidence, improperly weigh the medical opinions, or improperly consider the credibility of Smith's statements.

---

*sub nom. Puryear v. Colvin*, No. 4:14-CV-00057, 2016 WL 492296 (W.D. Va. Feb. 4, 2016). Smith argues that the ALJ should have found her disabled, at a minimum, through the date of her second back surgery.

Further, the R&R does not supply an analysis that the ALJ should have included but failed to include. An ALJ must provide an adequate narrative explanation at the time of her decision; a reviewing court may not provide that explanation on appeal. *See Inova Alexandria Hosp. v. Shalala*, 244 F.3d 342, 350 (4th Cir. 2001). The Magistrate Judge, however, relied on the same records that the ALJ discussed to conclude that the ALJ implicitly denied a closed period of disability and to find that substantial evidence supported the ALJ's decision. *See Lewis v. Berryhill*, 858 F.3d 858, 865 (4th Cir. 2017) ("When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence."). Nothing in the R&R contradicts or goes beyond the ALJ's narrative explanation, and Smith points to no specific portions of the R&R that do not align with the ALJ's decision. Thus, the Court will overrule Smith's first objection.

### *B. Post-Surgical Conservative Treatment*

Second, Smith argues that her medical records do not demonstrate conservative treatment and that the Magistrate Judge incorrectly distinguished her case from *Lewis*. 858 F.3d at 868-69. In *Lewis*, the Fourth Circuit held that the ALJ mischaracterized a claimant's treatment as "conservative" despite the claimant's numerous medical conditions that required her to take powerful analgesics, such as Fentanyl and Oxycodone, and undergo multiple surgeries. *Id.*

The Magistrate Judge distinguished *Lewis* because Smith's "course of treatment *following* [Smith's] second back surgery" supported the ALJ's conclusion that Smith had received conservative treatment. (Dk. No. 18, at 13 (emphasis added).) The R&R also provided a detailed, five-page review of Smith's post-surgical course of treatment demonstrating the conservative nature of that treatment.

The Court has considered the Fourth Circuit's analysis in *Lewis*, the parties' arguments, the Magistrate Judge's application of *Lewis* to this case, and Smith's treatment records from after her second back surgery. The Court reaches the same conclusions as the Magistrate Judge and adopts the R&R's analysis of *Lewis* as applied to Smith's course of treatment following her second back surgery. Thus, the Court will overrule Smith's second objection.

### *C. Harmless Error in Assessing Smith's Daily Activities*

Third, Smith objects to the Magistrate Judge's finding that the harmless error doctrine applied to the ALJ's failure to consider the extent of Smith's activities of daily living amounted to harmless error. *See Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015) (applying the harmless error standard to a Social Security decision). She also argues that the Magistrate Judge speculated—but failed to show—that the error "would have had only a 'minimal' chance of altering the outcome." (Dk. No. 19, at 4.)

When an ALJ discounts a claimant's credibility based on the claimant's activities of daily living, the ALJ must consider both the type of activities she can perform and the extent to which she can perform them. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). The Magistrate Judge found that the ALJ failed to adequately consider the extent to which Smith could perform her daily activities, but that such error was harmless.

As an initial matter, the R&R provided ample explanation for why the ALJ's error constituted harmless error. Specifically, the R&R explained that "the ALJ did not rely solely on [Smith's] daily activities to discredit the intensity, persistence[,] and limiting effects of her symptoms, relying also on [Smith's] response to conservative treatments." (Dk. No. 18, at 21.) The R&R also noted that "the ALJ acknowledged that [Smith] could complete only [a range of simple tasks] . . . , demonstrating that the ALJ did not completely ignore the extent to which

5

[Smith] could perform her daily activities." (*Id.* at 21-22.) The R&R further pointed to portions of the RFC that demonstrated that the ALJ accounted for Smith's physical limitations. (*See id.* at 22 (noting, for example, the RFC's sit/stand option and limitation on the plaintiff's interactions with others).)

Moreover, Smith bears the burden of establishing that the error is not harmless. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). Smith tries to meet her burden by arguing that "(a) ... the width and breadth of the liberties taken by the ALJ in characterizing Smith's activities was ... egregious ..., (b) this rationale formed a substantial portion of the basis for denying Smith's claim, overall, and (c) the alternative ground – Smith's conservative treatment – is equally unsupported in law or fact." (Dk. No. 19, at 4.) Smith provides no authority or support in the record to support the first two arguments. As for the third argument, the Court has already determined that neither the ALJ nor the Magistrate Judge erred in characterizing Smith's post-surgical course of treatment as conservative. Further, the Court cannot reweigh conflicting evidence simply because Smith disagrees with the ALJ and the R&R. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).

In sum, the record supports the Magistrate Judge's finding of harmless error. Accordingly, the Court will overrule Smith's third objection.

### *D. Grid Rules*

Fourth, Smith contends that the ALJ did not comply with SSR 83-14.[3] Smith argues that the Magistrate Judge could not conclude that the ALJ conducted the proper analysis. She posits

---

[3] The R&R comprehensively explains how an ALJ should apply SSR 83-14. (*See* Dk. No. 18, at 27-30.) Relevant here, when an ALJ determines that a claimant has both exertional and nonexertional limitations, she must first consider whether the claimant qualifies as disabled based on the claimant's exertional limitations alone. If the claimant does not qualify as disabled on that basis, the ALJ must determine "to what extent the claimant's nonexertional limitations [a]ffect the

6

that the R&R improperly relied on the fact that the Vocational Expert ("VE") identified three occupations Smith could perform based on her RFC, but that SSR 83-14 also required the ALJ to consider independently Smith's age, "a fact that the [VE] cannot consider or supply." (Dk. No. 19, at 5.)

When a "claimant's impairment is nonexertional—not manifested by a loss of strength or other physical abilities—or is marked by a combination of exertional and nonexertional impairments, the grids' [r]ules are not conclusive, and full individualized consideration must be given to all relevant facts of the case." *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983). Courts must give "individualized consideration ... when nonexertional impairments further narrow the range of jobs available to the claimant, considering [her] exertional impairments." *Id.*

At the hearing, the ALJ questioned the VE about Smith's nonexertional limitations. When posing her hypotheticals, the ALJ asked the VE to consider "an individual of the claimant's age and education." (*E.g.*, R. at 77). In her decision, the ALJ noted that Smith could not perform the full range of light work. She relied, however, on VE testimony that accounted for Smith's limitations based on her individual factors.

Smith did not provide any authority—either in her initial motion or in her objections—to support the proposition that the VE could not consider Smith's age as part of his responses once the ALJ supplied him with that information. Rather, "Social Security Ruling 83-14 requires exactly what the ALJ did in this case, obtain the assistance of a [VE] in making an individualized determination given the plaintiff's age, education, work experience, and residual functional

---

individual's occupational base." (*Id.* at 28.) With some exceptions, the ALJ must produce a vocational expert ("VE") to testify about whether the claimant can perform specific jobs that exist within the national economy. Smith agrees that the R&R sets forth "the proper '[f]ramework' inquiry ... required by Social Security Ruling 83-14." (Dk. No., 19, at 4.)

capacity." *Bradshaw v. Berryhill*, No. 1:16-cv-0969, 2017 WL 962768, at *7 (E.D. Va. Feb. 3, 2017), *report & recommendation adopted*, No. 1:16-CV-969, 2017 WL 958105 (E.D. Va. Mar. 9, 2017), *aff'd*, 704 F. App'x 266 (4th Cir. 2017). The Court, therefore, will overrule Smith's fourth objection.

## III. CONCLUSION

The Court will overrule Smith's objections to the R&R, grant the Commissioner's motion for summary judgment, and deny Smith's motion for summary judgment. Accordingly, the Court will adopt the Magistrate Judge's R&R.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 28 January 2020
Richmond, VA

/s/ /s/
John A. Gibney, Jr.
United States District Judge